**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re                                                    Case No. 14-10980-WRS
                                                         Chapter 13

HEATHER LAWLESS,

       Debtor

## MEMORANDUM DECISION

This Chapter 13 case is before the Court on the Debtor's objection to the claim filed by

Donna Odom.  (Doc. 12).  For the reasons set forth below, the objection is SUSTAINED and

Claim No. 4 of Donna Odom is ALLOWED AS UNSECURED.

## I.  FACTS

The facts of this case are both simple and undisputed.  Heather Lawless filed a petition in

bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on May 28, 2014.  (Doc. 1).  The

Debtor filed a Chapter 13 Plan at the time she filed her petition.  (Doc. 5).  The Debtor's Plan

does not provide for any unsecured claims and provides for a payment over time (POT) of $7,900

for unsecured creditors.  On June 18, 2014, Donna Odom filed a timely proof of claim in the

amount of $67,670.00 all of which she claims to be secured by virtue of a judgment lien.  (Claim

4-1).  Odom attaches a copy of a Certificate of Judgment, which was issued by the Clerk of

Circuit Court of Coffee County on July 22, 2013, reciting that judgment had been entered against

the Debtor in favor of Odom in the amount of $65,000 on July 11, 2013.  There is no indication

that the Certificate of Judgment was recorded with the Judge of Probate. The Certificate of Judgment form contains a certification to be provided by the Judge of Probate, but that portion of the Certificate is blank.

## II. LAW

The Bankruptcy Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding. 28 U.S.C. § 157(b)(2)(B). This is a final order.

The question here is whether Odom's claim should be allowed as secured or unsecured. To determine whether a claim is secured, one first looks to 11 U.S.C. § 506(a), which provides, in part, as follows:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

Odom claims that she has an interest in the Debtor's property by virtue of a judgment issued by the Circuit Court of Coffee County, Alabama. Accordingly, we will look to Alabama law. In her brief, Odom cites the Court to Alabama Statute 6-9-211, which provides, in part, as follows:

> Every judgment, a certificate of which has been filed as provided in Section 6-9-210, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution, and such lien shall continue for 10 years after the date of such judgment.

2

The plain language of Section 6-9-211, refers the reader to 6-9-210, which provides as follows:

> The owner of any judgment entered in any court of this state or of the United States held in this state may file in the office of the judge of probate of any county of this state a certificate of the clerk or register of the court by which the judgment was entered.

Reading Section 6-9-211 with 6-9-210, the meaning appears to be clear enough. To obtain a judgment lien, one first obtains a Certificate of Judgment from the Clerk of the Court which entered the judgment. Second, one takes the Certificate of Judgment to the Judge of Probate and records it as set out in Section 6-9-211. Inspection of the Certificate of Judgment attached to Odom's Proof of Claim shows that the Certificate was not recorded with the Judge of Probate. Thus, the second step of the process was not done. It follows that Odom does not have a lien on the Debtor's property. In re Estate of Harless, 98 F.Supp.2d 1337, 1341 (S.D. Ala. 2000); In re McCaw, 2013 WL 1558095 (Bankr. M.D. Ala.)(Order entered 4/12/2013)(Sawyer, B.J.); In re Pouncey, 59 B.R. 615 (Bankr. M.D. Ala. 1986)(Gordon, B.J.); In re Norman, 41 B.R. 1, 6-8 (Bankr. M.D. Ala. 1984)(Steele, B.J.); Garrett v. Garrett, 628 So.2d 659 (Ala. Civ. App. 1993); Galloway v. State ex. rel. Payne, 370 So.2d 48, 50-51 (Ala. Civ. App. 1979); see also, BMJA, LLC v. Murphy, 41 So.3d 751, 755-56 (Ala. 2010)(holding that filing copy of judgment with the Jude of Probate did not create a lien as the statute requires a certificate of judgment); AmSouth Bank v. Holberg, 789 So.2d 833, 836 (Ala. 2001)(to same effect).

As Odom did not file a Certificate of Judgment with the Judge of Probate, it follows that she does not have a valid judgement lien under Alabama law. Furthermore, as she does not have

3

a valid lien under Alabama law, it follows that she does not have a secured claim here. For this reason, the Debtor's objection to Odom's claim is sustained to the extent that her secured claim is disallowed. However, there is not objection to the underlying indebtedness. Accordingly, Odom's claim is allowed as unsecured.

### III. CONCLUSION

For the reasons set forth above, the Debtor's objection to Claim No. 4 of Donna Odom is sustained and the claim is allowed as unsecured.

Done this 23rd day of December, 2014.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Cameron A. Metcalf, Attorney for Debtor
   R. Rainer Cotter III, Attorney for Donna Odom
   Curtis C. Reding, Trustee

4